**SO ORDERED.**

**SIGNED this 18 day of June, 2013.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

**DWIGHT DEE MOORE,**                          CHAPTER 13
                                               CASE NO. 12-06421-8-RDD
    **DEBTOR**

## ORDER

Pending before the Court is the Objection to Confirmation and Motion to Reconvert filed by Richard M. Stearns, Chapter 13 Trustee (the "Trustee") on February 14, 2013 (the "Motion") and the Response to Trustee's Objection to Confirmation and Motion to Convert filed by Dwight Dee Moore on February 20, 2013 (the "Response"). The Court conducted a hearing on May 29, 2013 in Greenville, North Carolina to consider the Motion and the Response.

On September 6, 2012, Dwight Dee Moore (the "Debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. The Debtor filed the Notice to Convert Case from Chapter 7 to Chapter 13 on November 1, 2012 and the Court entered the Order Converting Case to Chapter 13 on December 3, 2012. The Debtor filed the Chapter 13 Plan on November 15, 2013, which provides for payments of $135.00 per month for thirty-six (36) months (the "Plan"). Based on the proposed distributions, it appears that the Plan, as filed, makes no distributions on any claims

other than administrative expense claims.[1]  However, amendments to the Debtor's schedules, filed on February 20, 2013 and March 25, 2013, indicate secured claims total $4,755.51 and unsecured nonpriority claims total $8,503.00.  To date, the Trustee has not filed the Minutes of 341 Meeting and Motion for Confirmation.

The Debtor filed his original schedules and statements with the petition and subsequently filed two (2) subsequent amendments to Schedules I and J.  The claimed current monthly income and net monthly income pursuant to the original and amended Schedules I and J are as follows:

| Date Filed | Social Security Income | Other Income | Total Schedule I | Net Schedule J |
|---|---|---|---|---|
| September 6, 2012 | $1,799.00 | $2,430.70 | $4,229.70 | $2,026.70 |
| February 20, 2013 | $1,799.00 | $2,430.70 | $4,229.70 | $1,315.83 |
| March 25, 2013 | $1,799.00 | $2,430.70 | $2,430.70 | -$365.17 |

---

[1] The Plan proposes the following distributions:

| Claims | Distributions |
|---|---|
| Secured Claims (through Plan) | None |
| Defaults | None |
| Secured Claims (direct) | None |
| Domestic Support Obligations | None |
| Priority Claims | $0.00 |
| Executory Contracts & Unexpired Leases | None |
| Co-Debtor Claims | None |
| General Unsecured Claims | None |

In the March 25, 2013 Amended Schedules I and J, the Debtor indicated that his "current monthly income should be reduced by the amount Debtor and his wife receive in social security income per 11 U.S.C. Section 101(10A)(B) which excludes Social Security benefits from the definition of current monthly income. Therefore, for purposes of computing projected disposable income, Debtor's income would be $2430.70 per month after deduction of $1799.00 in social security benefits." Schedule I, *In re Moore*, No. 12-06421-8-RDD (Mar. 25, 2013). As such, after deducting the Debtor's average monthly expenses from his combined average monthly income, his monthly net income is -$365.17.

The Debtor argues that pursuant to 42 U.S.C. § 407(a), his Social Security income is not subject to the requirements of the Bankruptcy Code and can not be used in calculation of his income or plan payment. The Debtor rests his argument on the language in the statute indicating that benefits paid under the Social Security Act are not "subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." 42 U.S.C. § 407(a).

The Trustee contends he does not require the Debtor to devote all of the Social Security income to the Plan, rather, the Social Security income should be used to pay the Debtor's expenses with the Debtor's additional non-Social Security income to serve as the basis for the Plan payments. The Trustee asserts that a plan payment of approximately $500.00 would result in full payment to unsecured creditors.

In order to confirm a plan of reorganization, the Court must find that "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). Based on the representations of the Debtor's counsel, it would appear the Debtor has no intention of

utilizing the income he and his spouse derive from Social Security for the payment of his living expenses or any other necessaries. Therefore, the Court must rely on the Debtor's most recently amended Schedules I and J, which exclude the combined Social Security income and reflect a negative net monthly income of $365.17. Based on this calculation, the Court is unable to find that the Debtor will be able to comply with the Plan as proposed. The Plan is not feasible under § 1325(a)(6) as the Debtor has a negative projected disposable income of $365.17.

The Debtor and his spouse have a combined monthly income of $2,430.70, excluding Social Security income. The Debtor claims household expenses of $2,795.87, but fails to apply any of the Social Security income to these expenses. Were the Debtor to apply the $1,799.00 in Social Security income to the household expenses this would leave $1433.83 in non-Social Security income available for payment to creditors.[2] Applying the Debtor's household income in this manner would not frustrate the purpose of 42 U.S.C. § 407(a), which the legislative history makes clear is to ensure Social Security income is available to "meet the most basic needs of the poor." H.R. Rept. No. 92-231, 92d Cong., 1st Sess. 156 (1971) 1972 U.S.C.C.A.N. 4989, 5142; *In re Herrman*, Case No. 10-06523-JW, 2011 WL 576753 at *9 (Bankr. D.S.C. Feb. 9, 2011) (finding regardless of whether income is excluded under 42 U.S.C. § 407 as a source of repayment of debts, the legislative history makes clear the protection is to allow the recipient to pay ordinary and necessary living expenses).

---

[2] The Court notes the Debtor's household expenses include $352.00 for his non-filing spouse's Chapter 13 plan payment in a separate Chapter 13 case. Because the Debtor receives income from Social Security and non-Social Security sources, the effect of this Court's order will not require the Debtor to use Social Security funds for the maintenance of his non-filing spouse's Chapter 13 plan payment. The Social Security income will remain solely for the purpose of the Debtor's living expenses while other income can be applied to the Debtor's plan payments and the non-filing spouse's Chapter 13 plan payments.

The Debtor has sufficient income to fund a plan that generates a fair dividend to unsecured creditors without depriving him of the ability to meet his basic living expenses.

Accordingly, the Debtor is **ORDERED** to file a confirmable amended plan, which complies with § 1325(a)(6), within fourteen (14) days from the entry of this order.[3]  Should the Debtor fail to file an amended plan within fourteen (14) days, this case shall be converted to Chapter 7 without further hearing.

**SO ORDERED.**

**END OF DOCUMENT**

---

[3] Since the Debtor has failed to meet the feasibility requirement of confirmation under § 1325(a)(6), the Court need not address the good faith issues the Trustee raises under § 1325(a)(3).