**SO ORDERED.**

**SIGNED this 31 day of July, 2013.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

DWIGHT DEE MOORE,   CHAPTER 13
  CASE NO. 12-06421-8-RDD
  DEBTOR

## ORDER

Pending before the Court is the Motion to Reconsider and/or Vacate Order or in the Alternative Extend the Time for Filing Notice of Appeal filed by Dwight Dee Moore on July 1, 2013 (the "Motion").

On September 6, 2012, Dwight Dee Moore (the "Debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. The Debtor filed the Notice to Convert Case from Chapter 7 to Chapter 13 on November 1, 2012 and the Court entered the Order Converting Case to Chapter 13 on December 3, 2012. On June 18, 2013, the Court entered an order denying the Chapter 13 Trustee's Objection to Confirmation and Motion to Reconvert on the condition that the Debtor file an amended confirmable plan of reorganization within fourteen (14) days.

The Debtor filed the Amended Plan and the Motion on July 1, 2013. In the Motion the Debtor asks the Court to reconsider the June 18, 2013 order in light of the recent Fourth Circuit Court of Appeals' holding in *Ranta v. Gorman*, No. 12-2017, 2013 WL 3286252 (4th Cir. July 1,

2013).  The Debtor also requests that the filing fee of $25.00 for the Trustee's Objection to Confirmation and Motion to Reconvert be returned.[1]  In the alternative, the Debtor requests that the time to file a notice of appeal be extended fourteen (14) days.

Upon review, the Debtor's motion to extend the time to file the notice of appeal is **GRANTED**.  Pursuant to Federal Rule of Bankruptcy Procedure Rule 8002(c)(2), the time to file the notice of appeal is **EXTENDED** fourteen (14) days from the date of the entry of this order.

The motion to return the $25.00 filing fee for the Trustee's Objection to Confirmation and Motion to Reconvert is **DENIED**.

The motion to reconsider the June 18, 2013 order is rendered moot by the Fourth Circuit's decision in *Ranta v. Gorman* and the granting of the motion to extend time to file the notice of appeal.  The June 18, 2013 order found the Debtor's plan was not confirmable based on the failure to comply with 11 U.S.C. § 1325(a)(6).[2]  In *Ranta v. Gorman*, the Fourth Circuit held that "Social Security income is excluded from the calculation of 'projected disposable income' under § 1325(b)(2)." *Ranta*, 2013 WL 3286252, at *10.  The Fourth Circuit further explained that "in evaluating whether a debtor will be able to make all payments under the plan and comply with the plan, the bankruptcy court must take into account any Social Security income the debtor proposes to rely upon, and may not limit its feasibility analysis by considering only the debtor's 'disposable

---

[1] The Chapter 13 Trustee disbursed the $25.00 filing fee from the funds the Debtor paid into his Chapter 13 plan.

[2] The Court found the Debtor failed to prove he would "be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). The findings of fact stated that the Debtor failed to establish his Social Security income would be used to maintain his living expenses and pay for other necessaries, allowing him to contribute his other income to satisfy plan payments. In light of a plan payment of $135.00 per month and net monthly projected disposable income of negative $365.17, the Court found the plan was not feasible.

income.'" *Id*. The Debtor did not propose to contribute any Social Security income toward his plan payment. The proposed plan with payments of $135.00 per month and projected disposable income of negative $365.17 each month without any other income is not feasible. At the hearing, the Debtor made it crystal clear that no portion of his Social Security income would be pledged to make the plan feasible. The order of this court of June 18, 2013 is consistent with the holding in *Ranta v. Gorman*. Therefore, the motion to reconsider is **MOOT** pursuant to the Fourth Circuit's opinion in *Ranta v. Gorman* and the granting of the motion to extend time to file the notice of appeal.

    **SO ORDERED.**

**END OF DOCUMENT**